PROCESS COPPER & BRASS CO. v. PERFECT ARC LAMP & MFG. CO.
et al.

(Supreme Court, Appellate Division, First Department.    May 6, 1904.)

1. WITHDRAWING CASE FROM JURY—MISTRIAL.
  Where at the close of the testimony the jury was discharged on sug-
  gestion of the court that no question of fact was presented, whereupon
  an opinion was written favorable to the plaintiff's contention, but no-
  further step was taken towards the entry of judgment, the court properly
  ordered the case back on the calendar to be retried, on concluding that its
  decision was based on a consideration of the facts and resolving conflict-
  ing inferences therefrom.

Appeal from Trial Term, New York County.

Action by the Process Copper & Brass Company against the Perfect
Arc Lamp & Manufacturing Company and others. From an order
granting a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Ralston Flemming, for appellant.

Louis Zinke, for respondents.

O'BRIEN, J.    This action came on for trial at Trial Term (with
a jury), and at the close of the testimony, upon the suggestion of the
court that no question of fact was presented, the jury was discharged,
and the court took the case under advisement.    Subsequently the learn-
ed judge wrote an opinion favorable to the plaintiff's contention, but,
before any further step was taken, it was called to the court's attention
that the conclusion reached was based upon a consideration of the
facts in the case and the resolving of conflicting inferences therefrom,
and thereupon a motion made by the defendants for a new trial was
granted.    From the order thus entered the plaintiff appeals.

It appears that pursuant to the order a new trial was had, and there-
upon the complaint was dismissed, and that it was not until then that
this appeal was taken from the order granting such new trial.    With-
out, however, passing upon the question of how far such conduct may
have affected the plaintiff's right to appeal, we think, in view of the
proceedings upon the first trial, that the learned judge was right in
granting the defendants' motion, because there had clearly been a mis-
trial.    No further steps having been taken towards the entry of the
judgment, and the learned judge having proceeded no further than to
write an opinion, it was entirely competent for the court, upon reach-
ing the conclusion that there was a mistrial, to order the case back
on the calendar at Trial Term to be retried.

It follows, accordingly, that the order appealed from should be af-
firmed, with costs.    All concur.